# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

# SOUTHERN DIVISION

**YURI PETRINI,**
*Plaintiff,*

v.

**CITY OF BILOXI, MISSISSIPPI;**
**JEFF HARBOR, individually;**
**JENNIFER POLK, individually;**
**MANDY HORNSBY, individually;**
**TARA BUSBY, individually; and**
**JOHN/JANE DOES 1-20,**
*Defendants.*

Civil Action No. _____



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUN 06 2025

ARTHUR JOHNSTON
BY_____ DEPUTY



1:25cv178 LG-RPM

---

**PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

NOW COMES Plaintiff Yuri Petrini, proceeding pro se, and respectfully moves pursuant to Fed. R. Civ. P. 65 for immediate entry of a Temporary Restraining Order, or alternatively, mandamus relief under 28 U.S.C. § 1361, compelling Defendants to perform the non-discretionary ministerial duty of issuing the Certificate of Occupancy for 1606 Beach Boulevard, Biloxi, Mississippi.

**EXECUTIVE SUMMARY:** All required inspections have PASSED—mechanical, plumbing, electrical, building. Per Defendants' own correction notice, only aesthetic items remain: paint factory-waterproof Hardie board and batten siding (not exposed to water), paint hot dip galvanized deck columns with 75-year protection, paint under-slab beams (not even exposed to weather), and "finish" EMT hot dip galvanized handrailing that fully complies with all IRC safety requirements. **Harbor promised "final determination" May 30—never delivered. June 4 text made "final effort to resolve amicably" requesting "exact code provisions"—both officials read it, neither responded.** Photographic evidence (Exhibits F-I) and video walkthrough (Exhibit J) conclusively prove no safety issues exist. Two licensed professionals confirm these are not

valid code violations. Without the CO, Plaintiff must pay off the entire construction loan (unplanned expense) and faces credit destruction within 30 days. The spirit of building codes is safety, not aesthetic nitpicking. This is matter of pride, not public protection. **Plaintiff fights not only for himself but to establish precedent protecting all property owners from aesthetic harassment disguised as code enforcement.** This Court previously supervised Biloxi for three years in *Kennedy v. City of Biloxi* for constitutional violations—same issues, different clothing.

## I. NATURE OF EMERGENCY

1. **Automatic Credit Destruction**: Plaintiff's construction loan will automatically report to credit bureaus within 30 days, destroying his credit for seven years and preventing operation of his interstate business. **Exhibit A** (Cadence Bank Email - June 2, 2025).

2. **Ministerial Duty**: All inspections have PASSED (mechanical, plumbing, electrical, building). According to Defendants' own correction notice, only aesthetic items remain. Under IRC § R110.3.10 and Biloxi ordinances, Certificate of Occupancy issuance is mandatory—not discretionary. Defendants have no authority to withhold this ministerial act for paint preferences. The spirit of building codes is safety, not aesthetic nitpicking.

3. **Pure Retaliation**: Inspector Harbor stated Plaintiff "won't shut up." Today marks ONE FULL WEEK of complete silence from Defendants after formal notice. Meanwhile, Mandy Hornsby, under direction of Jerry Creel (who wears dual hats as Community Development Director AND Building Official), denied Plaintiff's fence permit. Discovery will likely show other COs were issued to similarly situated property owners during this same period while Plaintiff's remains withheld. **See Declaration of Sumire Maeda, Licensed Electrical/Mechanical Professional, ¶¶ 6, 9-10, 13 (Exhibit E).**

## II. STATEMENT OF FACTS

4. **MSBOC License #19063**: Plaintiff is a licensed building contractor who understands code requirements. Since licensure in 2022, Plaintiff has maintained a perfect professional record with no disciplinary actions, accidents, or violations in any jurisdiction.

5. **December 1, 2024**: Harbor issued stop work order citing no code violations—only stating unfamiliarity with steel construction.

6. **May 30, 2025**: All final inspections passed. Harbor issued "correction notice" citing only items that, per the City's own characterization, are aesthetic in nature:

   o "Paint exterior of elevator housing" (Hardie board and batten siding—factory waterproof, not exposed to water) **See Photos, Exhibit F**

- o "Paint raw metal/deck" (deck columns are hot dip galvanized; under-slab beams not exposed to weather) **See Photos, Exhibit G**

- o "Finish handrailing" (EMT hot dip galvanized railing that fully complies with IRC requirements for height, baluster spacing, and grip size) **See Photos, Exhibit H**

- o "Secure drain line" (THE ONLY legitimate item—now corrected) **Exhibit B** (Yellow Correction Notice - intentionally intimidating color).

**Harbor promised "the Building Department would issue its final determination" on May 30 but never did—proving bad faith. See Text Message, Exhibit D.**

**Plaintiff explicitly requested specific code citations to correct any legitimate issues—Harbor provided NONE. The spirit of building codes is safety, not aesthetic nitpicking.**

**In the interest of complete transparency and good faith, Plaintiff provides video walkthrough of all cited areas (Exhibit J).**

7. **Professional Exclusion**: Harbor refused to allow Plaintiff—a licensed professional—to accompany inspection, demonstrating bad faith. When Plaintiff attempted to explain code compliance, Harbor (identified in City systems as "Jeff Plumbing Inspector") told Plaintiff's wife (also a licensed electrical/mechanical professional, MSBOC #20673) that Plaintiff "won't shut up and let me do my work." When Plaintiff explicitly requested code citations to enable compliance, Harbor provided none. **Declaration of Sumire Maeda ¶¶ 3, 6-9, 13 (Exhibit E).**

8. **June 4, 2025 Comprehensive Dispute**: Plaintiff filed detailed dispute proving:

   - o No code sections cited for any violation

   - o Paint demands exceed statutory authority

   - o Electrical panel door is not "obstacle" per IRC Commentary **See Photo of screened porch enclosure without lock, Exhibit I**

   - o Drain line (only real issue) corrected

   - o **Plaintiff again requested specific code citations to enable compliance—still none provided Exhibit C (June 4 Formal Dispute).**

9. **Complete Administrative Silence:**

   - o June 4: Text messages to BOTH Jeff Harbor AND Jerry Creel (Director of Community Development AND Building Official—dual roles)—read receipts confirm delivery, zero response **See Text Screenshots, Exhibit D**

3

- o Text explicitly requested: "whether the certificate will be approved, denied, or issued subject to specific conditions—together with the exact code provisions supporting your decision"

- o No administrative appeal process exists in Biloxi

- o Federal court is literally the ONLY remedy

- o Today marks ONE FULL WEEK of silence, yet Hornsby found time to deny fence permit under Creel's direction **Exhibit D** (Text Messages with Read Receipts).

10. **Departmental Weaponization:** Code Enforcement Manager Busby mans Building Department desk, demonstrating how theoretically independent departments coordinate harassment (Complaint ¶44(a.1)). Plaintiff has substantial equipment and materials sitting idle due to these actions.

11. **Professional Standing:** Since 2022 licensure, Plaintiff has completed projects in Mississippi, Florida, and other states with zero uncorrected violations, zero accidents, zero disciplinary actions, and zero complaints across all jurisdictions. The aesthetic demands represent unprecedented requirements never before imposed in any jurisdiction. Notably, TWO licensed professionals were present during the inspection—both Plaintiff and his spouse (MSBOC #20673)—yet Harbor (identified in City systems as "Jeff Plumbing Inspector") excluded both from accompanying him, apparently because he must "ask Bob" about building code matters.

12. **City's Constitutional History:** This Court previously retained jurisdiction for three years over Biloxi in *Kennedy v. City of Biloxi*, No. 1:15-cv-00348-HSO-JCG (S.D. Miss. 2016), for systemic due process violations. Same constitutional issues, different clothing.

## III. CERTIFICATION UNDER RULE 65(b)(1)(B)

I certify under penalty of perjury that the following efforts were made to provide notice:

12. **Notice Attempts:**

- o June 2, 2025: Hand-delivered 24-hour ultimatum

- o June 4, 2025: Phone call (no answer)

- o June 4, 2025, 2:10 PM: Text messages to Harbor AND Creel stating "As a final effort to resolve this matter amicably" and requesting response "today" with "exact code provisions" - both read, neither responded

- o June 4, 2025: Formal dispute delivered

4

o    June 4, 2025: Follow-up email

13. **Why Ex Parte Relief Is Justified:** Defendants received actual notice with specific deadline. Their deliberate silence after formal warning justifies immediate relief. Further notice is futile. Moreover, any order can be challenged immediately, while credit damage cannot be reversed. **The June 4 text explicitly warned: "Absent a timely response, I will assume no lawful basis exists to withhold the certificate and will proceed to file the lawsuit."**

---

Yuri Petrini

June 6, 2025

## IV. LEGAL STANDARD

14. TRO requires showing: (1) likelihood of success; (2) irreparable injury; (3) balance of equities; (4) public interest. *Winter v. NRDC*, 555 U.S. 7, 20 (2008).

## V. PLAINTIFF SATISFIES ALL REQUIREMENTS

## A. Likelihood of Success - Defendants Have No Discretion

15. **Pure Ministerial Act:** When inspections pass, CO issuance is mandatory. IRC § R110.3.10; *Mayor and Board of Aldermen v. Homebuilders*, 932 So. 2d 44, 53 (Miss. 2006). All inspections have passed—mechanical, plumbing, electrical, building. Per the City's own correction notice, only aesthetic items remain.

16. **No Valid Violations Remain:**

    o    Paint demands = ultra vires (no code basis exists)

    o    Hardie board and batten siding is factory waterproof, not exposed to water

    o    Deck columns are hot dip galvanized with 75+ year protection

    o    Under-slab beams not exposed to weather—paint demand is absurd

    o    Handrailing is EMT hot dip galvanized, fully complies with IRC for height, baluster spacing, rise/run

    o    Drain line = already corrected

    o    Electrical panel = passed final inspection, screened porch door is not "obstacle"

    o    See detailed analysis in Exhibit C, Photos in Exhibits F-I, and **Video Walkthrough in Exhibit J for complete transparency**

5

- o   Under penalty of perjury, Plaintiff certifies these are not valid code violations

- o   A second licensed professional (Sumire Maeda, MSBOC #20673) independently confirms these are aesthetic preferences, not code violations (Exhibit E ¶¶ 9-10, 13)

- o   **Despite explicit requests, Harbor refused to provide code citations that would enable compliance**

- o   **The spirit of building codes is safety, not aesthetic nitpicking**

### 17. Clear Retaliation:

- o   Harbor's "won't shut up" statement shows animus

- o   Harbor broke his May 30 promise to provide "final determination" that day

- o   June 4 text gave "final effort to resolve amicably"—ignored

- o   Refusal to provide requested code citations despite explicit request

- o   Pattern of silence after each legal threat

- o   Direct evidence of retaliatory motive under *Keenan v. Tejeda*, 290 F.3d 252 (5th Cir. 2002)

## B. Irreparable Harm Is Automatic and Imminent

### 20. Credit Destruction Cannot Be Undone:

- o   Automated reporting systems trigger within 30 days

- o   Seven-year negative reporting under FCRA § 605

- o   Loss of financing ability for equipment and inventory

- o   Immediate impact on substantial supplier credit facilities

- o   Once reported, no court order can expunge the record

- o   **Without immediate relief, Plaintiff must pay off entire construction loan—an unplanned expense that will devastate his business liquidity**

### 21. Asymmetric Remedies:

- o   City retains full ability to challenge any order through established procedures

- o   Plaintiff has no mechanism to reverse credit bureau reporting after it occurs

- o   Without Court intervention, City can perpetually invent new aesthetic demands

- o   This one-directional harm strongly militates toward granting relief

22. **Constitutional Harm Per Se:** *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## C. Balance of Equities - City Loses Nothing

23. **Comparison:**

| Plaintiff Loses | City Loses |
| --- | --- |
| Seven years of credit | Nothing |
| Entire business | 10 minutes staff time |
| Unplanned loan payoff | Zero cost |
| Working capital destroyed | Must follow existing law |
| Constitutional rights | Must issue mandatory CO |

All inspections have passed. Per City's own notice, only aesthetic preferences remain. The City suffers zero harm from issuing a CO for a property that meets all actual code requirements. The spirit of building codes is safety, not nitpicking aesthetics.

24. **Critical Asymmetry:**

- o   **City's Remedies:** Motion to dissolve, emergency appeal, preliminary injunction hearing

- o   **Plaintiff's Remedies:** None - credit damage is permanent under FCRA

- o   If Court errs granting relief, City can seek immediate reconsideration

- o   If Court errs denying relief, Plaintiff's harm cannot be remedied

- o   This temporal asymmetry strongly favors immediate relief. *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

25. **City Has No Legitimate Interest** in withholding ministerial act for aesthetic preferences. Per Defendants' own correction notice, only aesthetic items remain after all inspections passed. This appears to be matter of pride for City officials, not legitimate regulation.

26. **Pattern Can Extend Indefinitely:** As demonstrated in Complaint ¶¶ 40-47, this persecution has continued for over a year across multiple properties. Without Court

intervention, Defendants can perpetually invent new aesthetic demands, ensuring Plaintiff never receives the CO despite meeting all actual requirements.

## D. Public Interest

27. **Broader Impact Beyond Plaintiff:**

    o   Plaintiff fights not only for himself but to establish accountability that will benefit all property owners

    o   This case will set precedent preventing future aesthetic harassment disguised as code enforcement

    o   Enforcing ministerial duties protects every citizen from arbitrary government action

    o   Bringing local enforcement in line with federal constitutional standards benefits entire community

28. **Systemic Reform Needed:** This Court's prior three-year supervision of Biloxi in *Kennedy v. City of Biloxi*, No. 1:15-cv-00348-HSO-JCG (S.D. Miss. 2016), for systemic due process violations demonstrates both the City's pattern of constitutional violations and this Court's willingness to provide comprehensive relief. Same constitutional issues, different clothing. This case presents opportunity to prevent future violations through clear precedent.

29. **Public Benefits from Accountability:** When courts enforce constitutional limits on local officials, all citizens benefit from predictable, lawful governance. Plaintiff's stand against retaliation protects future property owners from similar harassment. Plaintiff's provision of complete video documentation demonstrates the good faith and transparency that should characterize all citizen-government interactions.

## VI. NO ADEQUATE REMEDY EXISTS

30. **No Administrative Appeal:** Biloxi provides no process to appeal inspector decisions—federal court is the ONLY option.

31. Money cannot restore credit or business relationships.

32. **Good Faith Impossible:** Plaintiff cannot comply with "violations" when inspector refuses to cite what code sections allegedly apply. This catch-22 proves bad faith. **On June 4, Plaintiff made "final effort to resolve amicably" explicitly requesting "exact code provisions"**—silence was the only response. Without Court intervention, Defendants

8

can perpetually invent new aesthetic requirements, extending this persecution indefinitely despite all actual requirements being satisfied.

## VII. NARROW RELIEF REQUESTED

33. Within 24 hours, Defendants must:

    o  Issue physical Certificate of Occupancy

    o  Email confirmation to Plaintiff at yuri@megalopolisms.com

## VIII. SECURITY WAIVER

34. No security required under Rule 65(c)—compelling ministerial duty causes no harm to City.

## IX. REQUEST FOR IMMEDIATE RULING

35. Time is of the essence. Each day of delay increases interest charges and the risk of automatic credit reporting. Without immediate relief, Plaintiff faces unplanned construction loan payoff that will devastate business liquidity. The asymmetric nature of potential harm strongly favors immediate relief.

36. **Plaintiff stands ready to provide any additional documentation or, if the Court desires, arrange an immediate inspection of the property to confirm the aesthetic nature of the alleged violations.**

WHEREFORE, Plaintiff respectfully requests:

1.  Immediate entry of Temporary Restraining Order

2.  Waiver of security requirement

3.  Expedited preliminary injunction hearing

4.  Attorneys' fees under 42 U.S.C. § 1988

Respectfully submitted,

_____

Yuri Petrini
929 Division St
Biloxi, MS 39530
(305) 504-1323
MSBOC License #19063
Pro Se Plaintiff

9

## VERIFICATION

I, Yuri Petrini, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that:

1. I have personal knowledge of all facts stated in this Motion

2. All statements herein are true and correct

3. The violations cited in the May 30 notice are not valid code violations

4. Since obtaining my license in 2022, I have maintained a perfect professional record with no disciplinary actions, accidents, or violations in any jurisdiction

5. The urgency represented is real and immediate

6. All exhibits attached are true and correct copies

Executed on June 6, 2025.

_____

Yuri Petrini

_____

## CERTIFICATE OF URGENCY

Immediate irreparable injury will result because:

1. Credit bureau reporting occurs automatically within 30 days

2. Defendants received formal notice and 24-hour deadline on June 2, 2025

3. No administrative appeal process exists in Biloxi

4. Each day of delay compounds financial harm and foreclosure risk

5. Any order granting relief remains subject to immediate challenge, while denial results in permanent harm

_____

Yuri Petrini

_____

## INDEX OF EXHIBITS

- **Exhibit A:** Cadence Bank Email (June 2, 2025) - Warning of imminent default

- **Exhibit B**: Correction Notice (May 30, 2025) - Yellow paper, aesthetic violations only

- **Exhibit C**: Formal Dispute (June 4, 2025) - Comprehensive rebuttal proving no valid violations

- **Exhibit D**: Text Messages to Harbor & Creel (June 4, 2025, 2:10 PM) - Screenshots showing "final effort to resolve amicably," explicit request for code provisions, Harbor's broken May 30 promise, read receipts, no response

- **Exhibit E**: Declaration of Sumire Maeda, Electromechanical Engineer (MSBOC #20673) - Professional opinion and eyewitness testimony

- **Exhibit F**: Photos of Elevator Housing - Hardie board and batten siding, not exposed to water

- **Exhibit G**: Photos of Deck Structure - Hot dip galvanized columns and under-slab beams

- **Exhibit H**: Photos of Deck Railing - EMT hot dip galvanized, IRC compliant

- **Exhibit I**: Photo of Electrical Panel Enclosure - Screened porch without lock

- **Exhibit J**: YouTube Video Walkthrough - Complete transparency showing under-property area, deck, stairs, and railing (filmed June 8, 2025): https://youtu.be/sV8fpGATY-A

- **Exhibit K: December Stop Work Order**

**Licensed**          **MEGALOPOLIS ENTERPRISE COMPANIES, LLC**          19063

| | |
|---|---|
| Address | 929 DIVISION STREET<br>BILOXI, MS 39530<br>HARRISON County |
| Phone | 305-504-1323 |
| Fax | |
| Expiration | 07/13/2025 |
| Minority | No |
| First Issue | 07/13/2022 |
| Status | Licensed |

## Class(es)

| Classification | Qualifying Name |
|---|---|
| RESIDENTIAL BUILDER | YURI PETRINI DE MORAES |
| RESIDENTIAL ELECTRICAL | YURI PETRINI DE MORAES |
| RESIDENTIAL MECHANICAL | YURI PETRINI DE MORAES |

## Officers

| Name | Title |
|---|---|
| YURI VINICIUS PETRINI DE MORAES | MEMBER |