IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**YURI PETRINI & SUMIRE MAEDA**                                  **PLAINTIFFS**

v.                                                         CAUSE NO. 1:25-cv-178-LG-RPM

**CITY OF BILOXI, MISSISSIPPI, et al.**                          **DEFENDANTS**

<u>**ORDER STAYING FILINGS**</u>

This matter is before the Court sua sponte in order to control and manage three administratively consolidated pro se civil actions.[1] "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Langiano v. City of Fort Worth*, 131 F.4th 285, 290 (5th Cir. 2025) (quoting *Landis*, 299 U.S. at 254). Federal courts have the inherent power "so as to achieve the orderly and expeditious disposition of cases." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 620 (1962)).

It has become increasing apparent to the Court that some of the parties herein may have abandoned the spirit of federal civil rules. Rule 1 provides in part that the federal rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

---

[1] 1:25-cv-178-LG-RPM, 1:25-cv-233-LG-RPM and 1:25-cv-254-LG-RPM.

1

determination of every action and proceeding." Fed. R. Civ. P. 1.  Unfortunately, despite the fact that this Court has yet to conduct a case management conference and enter an order to administer these proceedings in an orderly fashion, to date the parties have pending twenty-four dispositive and non-dispositive motions.[2]  This accounting does not include numerous motions that have already been considered and resolved by the Court.  It is also clear to the Court that allowing these proceeding to continue unrestrained and without close Court supervision will not render "just, speedy, and inexpensive determination" but just the opposite.  Moreover, careful Court supervision may tend to avert the needless waste of scant judicial resources.[3]  Consequently, the Court finds it necessary to control this docket, pursuant to its inherent authority as follows.

**IT IS THEREFORE ORDERED AND ADJUDGED** that until further order of the Court this proceeding is **STAYED**.  In addition, the parties are prohibited from filing any new or additional motions, pleadings, notices or materials, except that the parties may file pleadings or responses that have been previously ordered by this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties are admonished that the willful violation of this, or any order issued by this Court may result in sanctions including monetary sanctions, attorney's fees, and costs.  In

---

[2] 1:25cv178: 11 pending motions, 1:25cv233: 3 pending motions and 1:25cv254: 10 pending motions.

[3] The Court has scheduled a case management conference for January 22, 2026 at 10:00 a.m.

addition, the parties are advised that Court also has the authority to dismiss an action for failure to comply with the Federal Rules of Civil Procedure or failure to obey a Court order under Rule 41(b).  *See Woodson*, 57 F.3d at 1417.

**SO ORDERED AND ADJUDGED** this the 13th day of January, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE