IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI                                                        PLAINTIFF

VERSUS                            CIVIL ACTION NO. 1:25cv178-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                      DEFENDANTS

Administratively Consolidated with

CIVIL ACTION NO. 1:25cv233-LG-RPM
CIVIL ACTION NO. 1:25cv178-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                      DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANTS,
PETER C. ABIDE AND CURRIE JOHNSON & MYERS, P.A.**

,

COMES NOW the Defendants, PETER C. ABIDE ("ABIDE"), AND CURRIE JOHNSON & MYERS, P.A. ("Currie Johnson"), by and through their counsel of record, and, pursuant to Rule 12(b)(1)-(7) of the Federal Rules of Civil Procedure, submits this their Brief in Support of Motion to Dismiss the Complaints and any Amendments thereto filed against them by Yuri Petrini ("Petrini") with prejudice, and would respectfully show unto the Court the following, to-wit:

I.
SECOND AMENDED COMPLAINT (DKT#96) in Civil Action No 25cv178[1] VIOLATES
LOCAL UNIFORM CIVIL RULE 7(B)(5)(A)

Petrini's Second Amended Complaint (DKT#96) in Civil Action No 25cv178 should be dismissed for <u>again</u> failing to comply with Local Uniform Civil Rule 7(b)(5)(A). The Plaintiff has repeatedly violated Local Uniform Civil Rule 7(b)(5)(A) which clearly states:

---

[1] Strangely the Second Amended Complaint in Civil Action No. 25cv233 complies Local Uniform Civil Rule 7(b)(5)(A).

> Paper Size, Line Spacing, and Margins. All memorandum briefs must be on 8 ½ by 11 inch paper. **The text must be double-spaced,** but quotations may be indented and single-spaced. Headings and footnotes may be single-spaced. Margins must be at least 1 inch on all four sides. Page numbers may be placed in the margins, but no text may appear there…

Petrini's Second Amended Complaint in 25cv178 (DKT#96) is "single spaced" and not "double-spaced" as required by Local Uniform Civil Rule 7(b)(5)(A), therefore the same should be dismissed and Petrini required to comply therewith.

II.

UNAUTHORIZED PRACTICE OF LAW

28 U.S.C. § 1654 says that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The Fifth Circuit has stated this provision to comprehensively list all the ways that a party may appear in federal court. See Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998). So, "a party can represent himself or be represented by an attorney," *Id*., because § 1654 says he can. On the other hand, he "cannot be represented by a nonlawyer," Id., because the statute does not include the phrase, "or by a nonlawyer." Yuri Petrini a non-lawyer cannot represent Sumire Maeda.

Petrini has attempted to add his wife, Sumire Maedra, as a Plaintiff in this action. It is abundantly clear[2] that Yuri Petrini has prepared the Second Amended Complaint and all other pleadings in both Civil Action No. 25cv178, 25cv233 and 25cv254 and had his wife simply sign the same. Preparing pleadings on behalf his wife, Sumire Maedra, constitutes the unauthorized practice of law. Mississippi law makes it unlawful for a *person who is not licensed* to practice law to engage in legal activities such as writing or

---

[2] Simply comparing other pleadings prepared by Yuri Petrini supports such.

Page **2** of 15

dictating papers to be filed in court, giving legal advice, preparing legal instruments, etc. See Miss Code § 73-3-55.  Petrini has obviously prepared the Amended Complaints and other pleadings in 25cv178 and 25cv233 adding his wife as Plaintiff and she has signed the same.  While Mrs. Maeda may represent herself *pro se,* Yuri Petrini cannot prepare pleadings for her to simply sign as such constitutes the unauthorized practice of law.  "Any person who shall for fee or reward or promise, directly *or indirectly*, write or dictate any paper or instrument of writing, to be filed in any cause or proceeding pending, or to be instituted in any court in this state, or give any counsel or advice therein……shall be held to be engaged in the practice of law."  Miss Code § 73-3-55; see also § 73-3-59. (Emphasis added).  Yuri Petrini has previously asserted that he has not violated Miss Code § 73-3-55[3] or § 73-3-59 because he has not represented his wife for "fee or reward or promise, directly or indirectly".  Contrary thereto Yuri Petrini and his wife, Sumire Maeda in the Second Amended Complaint seek damages, actual and punitive, and Yuri Petrini is clearly seeking to be "rewarded" indirectly[4] therefore he and his wife are clearly in violation of the criminal statute prohibiting the unlicensed practice of law.  Ms Maeda must either represent herself or hire an attorney to represent her.  Yuri Petrini cannot prepare pleadings and argue on her behalf as such is a criminal offense and unlawful regardless[5].

The Court should not support such violations of law and for this reason, the Second Amended Complaint should be dismissed as to Plaintiff, Sumire Maeda.

III.

---

[3] Punishable under Miss Code § 97-23-43.
[4] See e. g. *Darby v. Mississippi State Bd. of Bar Admissions*, 185 So. 2d 684, 687 (Miss. 1966) [She made a campaign promise to prepare land deeds, deeds of trust, and notes for the local populace].
[5] *Id*. "…the practice of law does not necessarily involve charging or receiving a fee for services performed. The element of compensation for such services may be a factor in determining whether specified conduct constitutes the practice of law, but it is not controlling."

## ALLEGATIONS AGAINST PETER ABIDE AND HIS LAW FIRM CURRIE JOHNSON

The Court first should consider the total of all allegations in the Second Amended Complaint against Peter Abide and his law firm, Currie Johnson[6], are primarily that the attorneys advised their client(s) not to talk with Petrini after Petrini filed litigation against the city and multiple city employees and an absurd and strange allegation about an Engineer, Maddie Pettry[7], which makes little sense.  Basically, all Petrini's claims against the Defendant, Abide and Currie Johnson, are premised on the fact that they gave advice to their client and its employees not to communicate directly with Petrini after he filed litigation against them, which he claims interfered with his due process rights.  In reality, Petrini has sued virtually everyone who has communicated with him, including the undersigned.[8]  And he wonders why no one will talk to him. Amazing.

Regardless it is perfectly legal and legitimate for an attorney to advise his client and its employees not to "talk" to a party[9]" or "only communicate through me" or "don't give statements." which making a claim against and/or suing the client and its employees.  That advice is generally privileged, ethical, and not actionable by the person the client refuses to speak with.

The Court need only examine the allegations in all three civil actions and the plethora of people Petrini has sued that simply communicated with him to Petrini's dissatisfaction go see such was good advice.  Regardless Petrini's litigation while creating

---

[6] Including H. Ros who is mentioned in several times but not named as a party.
[7] Ms. Pettry unfortunately chose to talk to Mr. Petrini and got named a Defendant and falsely accused in many ways.
[8] Petrini also named the undersigned a Second Amended Complaint (DKT#25) which was stricken and had numerous paragraphs making false allegations against the undersigned without naming the undersigned as a Defendant in his proposed Seconded Complaint in 25cv 254 (DKT# 44-1 para. 193-200).)
[9] Mississippi Rule of Professional Conduct 4.2.  While this is a rule applicable to attorneys, the principle is the same and it is common to give such advice to clients.

inconvenience to him does not and did not prevent him from following the procedures and appeals under the Biloxi ordinances and Mississippi laws, he still had and has adequate "due process" as this Court recognized and directly advise him when he filed his first civil action. These Defendants', as attorneys, advise to their clients does not give rise to any cause of action against the attorneys.

## IV.
## SUBJECT MATTER JURISDICTION

### FRCP Rule 12(b)(1)

FRCP Rule 12(b) (1) Lack of subject-matter jurisdiction permits a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists must bear the burden of proof by a preponderance of the evidence for a 12(b) (1) motion. *Arceneaux v. Everson,* 2004 WL 1926123, at *1 (S.D. Miss. July 12, 2004)). In reviewing a motion under 12(b) (1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The Court lacks Article III jurisdiction over the Plaintiffs' claims because Plaintiffs can and are being procedurally addressed before administrative bodies of the City of Biloxi and have become final because Plaintiffs failed to follow those procedures. Yuri has now been given the hearing from which he did not perfect a timely appeal, the Article III defense has evolved into one focusing on mootness stemming from the doctrine of administrative *res judicata*. See, *Chanek v. City of Biloxi*, 2013 WL 1136333, at *1 (S.D. Miss. Mar. 18, 2013). As in *Chanek,* Yuri failed to timely perfect any appeal within the ten-day period following the decision of the Board pursuant to Miss. Code Ann. § 11–51–75. This Court may exercise

supplemental jurisdiction over a § 11–51–75 appeal only if one was timely filed and perfected. *Chanek,* 2013 WL 1136333, at *1. Since no such appeal was attempted, this Court lacks jurisdiction to review the Board's November 26, 2025 Order as in *Chanek.*

*Yuri has now been given the hearing from which he did not perfect a timely appeal, the Article III defense has evolved into one focusing on mootness stemming from the doctrine of administrative res judicata. See, Chanek v. City of Biloxi, 2013 WL 1136333, at *1 (S.D. Miss. Mar. 18, 2013). As in Chanek, Yuri failed to timely perfect any appeal within the ten-day period following the decision of the Board pursuant to Miss. Code Ann. § 11–51–75. This Court may exercise supplemental jurisdiction over a § 11–51–75 appeal only if one was timely filed and perfected. Chanek, 2013 WL 1136333, at *1. Since no such appeal was attempted, this Court lacks jurisdiction to review the Board's November 26, 2025 Order as in Chanek.*

## V.
## PROCEDURAL DUE PROCESS CLAIMS
## FRCP Rule 12(b)(6)

Plaintiff's Second Amended Complaint additionally fails to state a claim upon which relief can be granted against these Defendants and should be dismissed. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's pleadings must meet the standards described in *Arc Controls, Inc. v. M/V NOR GOLIATH*, 2020 WL 5988065, at *2 (S.D. Miss. Oct. 8, 2020). When reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true particular with the myriad of Petrini's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Pleadings must

show specific, **_well-pleaded facts_** rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). A court "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted). This includes Zoning Board hearing transcripts. See, e.g., *Breakwater Treatment & Wellness Corp. v. City of Asbury Pa*rk, 2024 WL 1585391, at *3 (D.N.J. Apr. 10, 2024)(Zoning board transcripts considered in context of Rule 12(b)(6) dismissal of plaintiff's 14th amendment and §1983 claims arising from denial of a permit application); *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir.2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); see also *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Plaintiff, Yuri Petrini ("Petrini"), filed three civil actions against the City and its employees, and their attorneys, Peter Abide and his law firm, Currie Johnson, alleging various claims for civil rights violations related to his alleged City Code violations at properties he owns located 1606 Beach Boulevard[10] and 929 Division Street[11] in the City of Biloxi. Petrini principally alleges violation of "procedural due process" and violation of Americans with Disabilities Act against the City of Biloxi, several city employees and the

---

[10] The dispute at this property has to do with alleged code violations for Petrini and his wife's home and pool under construction and such are also before the administrative bodies with the City of Biloxi.
[11] The dispute at this property has to do with alleged code violations regarding a fence the owner, Megalopolis Two LLC, constructed and such are also pending before the administrative bodies with the City of Biloxi. Petrini also makes reference to a property he identifies as 287 Bohn Street, which is also owned by Megalopolis Two LLC and part of the property at 929 Division Street.

attorney with whom the City has contracted for legal services, Peter Abide, and his law firm Currie, Johnson, Myers, P.A.[12]  See Civil Action No. 1:25cv00178 LG-RPM[13].  This Second Amended Complaint alleges claims arising from his Beach Blvd Property owned by he and his wife, Sumire Maeda.  See also Civil Action No. 1:25cv233-LG-RPM[14] and CA 1:25-cv-254-LG-RPM.

However, Petrini does not set forth any "***well-pleaded facts*** rather than conclusory allegations" against the Defendant, Peter Abide and Currie Johnson.  Plaintiffs simply claim that a city employee stated she was "not allowed to talk to you under orders of City Attorney Peter Abide", therefore the Defendants "blocked all contact with the Plaintiffs- eliminating the administrative remedies the Court ordered exhausted". See para. 9 of the Second Amended Complaint (DKT#96 at p. 4).  it is perfectly legal and legitimate for an attorney to advise his client and its employees not to "talk" to a party[15]" or "only communicate through me" or "don't give statements" when a party is making claims against and/or suing the client and its employees.  Such certainly does not give rise to a constitutional violation. Nothing would have prevented Petrini from being able to pursue his appeals under the Biloxi City Ordinances and state laws.  He did not do so.

Essentially all three of Plaintiff's Complaints or Amended Complaints allege various constitutional violations of his "procedural due process" rights in administrative proceedings and a related criminal proceeding regarding two properties located in the City of Biloxi all of which are the subject of ongoing administrative proceedings before

---

[12] Plaintiff erroneously named "Currie Johnson" as a Defendant, however the correct legal name is "Currie, Johnson, Myers, P.A."
[13] J. Henry Ros is not a party to this action.
[14] J. Henry Ros is not a party to this action.
[15] Mississippi Rule of Professional Conduct 4.2.  While this is a rule applicable to attorneys, the principle is the same and it is common to give such advice to clients.

Biloxi Zoning Board, and the Municipal Court of the City of Biloxi pursuant to the Land Development Ordinance of the City of Biloxi, Miss. 23-9-5(D)(2)–(3) (describing party's ability to request an enforcement conference with Director of Community Development); *id.* at 23-2-4(S)(2)(b) (describing Board of Zoning Adjustment's appellate authority over Director of Community Development); *id.* at 23-2-3(J)(1). Petrini also failed to undertake his procedural due process rights under Miss Code Section 11-51-75 by appealing to the Circuit Court of Harrison County, Mississippi.

The Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted for violation of "14th Amendment Procedural Due Process." Petrini was admittedly given "notice" of the code requirements and alleged violations thereof and reasonable opportunity to respond thereto by his own admissions. The Plaintiff's amended complaints surround his failure to follow those procedures established by the City of Biloxi ordinances and the Mississippi statutory laws. *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984) (citing *Cafeteria & Rest. Workers Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 894-95, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961); *Mathews*, 424 U.S. at 340-49, 96 S.Ct. 893); *see also Abraham v. City of Mandeville*, 638 F. Supp. 1108, 1113 (E.D. La. 1986), *aff'd*, 814 F.2d 657 (5th Cir. 1987) (finding plaintiffs' procedural due process claim without merit because "plaintiffs were given due notice of the many meetings of the Commission and the Council regarding the rezoning of the property" and explaining that "they had an adequate opportunity to participate and be heard."). The Plaintiffs on the face of their Amended Complaint received "notice", the process and ultimately if they chose a hearing or not. "[P]rocedural due process is simply a guarantee of fair procedure." *Aponte-Rosario v. Acevedo-Vila*,

617 F.3d 1, 10 (1st Cir. 2010). In *Schafer v. City of New Orleans*, the Court held there no claim for violation of procedural due process because the Plaintiff therein "certainly received procedural due process. [The Plaintiff] had actual notice of the introduction of the ordinance, appeared at the hearing preceding its adoption, and availed themselves of the opportunity to argue against its adoption. This sufficed." *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984); *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi*, No. 1:21-CV-263-TBM-RPM, 2023 WL 2749170, at *1 (S.D. Miss. Mar. 31, 2023) [Plaintiff nevertheless fails to state claim for relief because the process that was provided was constitutionally sufficient]. Taking the Petrini's Amended Complaints in the light most favorable to the Plaintiffs, they admitted got they notice and a reasonable opportunity to respond and appropriate procedural due process in the form of appearances before Municipal Court[16], before the Board of Adjustments, appeals to the City Council and/or the Circuit Court. Plaintiffs had and do have to procedural process; therefore, Plaintiffs have failed to state a claim upon which relief may be granted for 14th Amendment Procedural Due Process. See Miss. Code Ann. § 11-51-75. See e. g. *Hickman v. City of Biloxi*, 313 So. 3d 541 (Miss. Ct. App. 2021).

Petrini's procedural due process claims nevertheless fail because adequate state remedies were and are available—and Petrini has partially and can take advantage of those remedies by appealing to the City Council's decision to the Circuit Court of Harrison County but has not. *See Goodman v. City of Cape Coral*, 581 F. App'x 736, 739 (11th Cir. 2014) ("We have repeatedly articulated the basic rule that a procedural due process

---

[16] Petrini being dissatisfied could have appealed to the Circuit Court pursuant to Miss Code § 11-51-75 or other similar statutes he did not.

violation has not occurred when adequate state remedies are available." *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi, Id.* at *16

"A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) ***inadequate state process***." Reed v. Goertz, 598 U.S. 230, 236 (2023) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990)). Both the Fourteenth Amendment and § 1983 only "protect[] against acts attributable to a State, not those of a private person." Lindke v. Freed, 601 U.S. 187, 194 (2024); see id. at 195 ("[T]he statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical." (quoting parenthetically *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982))).

City of Biloxi Ordinances and state law provide adequate procedural due process which Petrini just refuses to follow:

> Any person aggrieved by a decision of a code official may appeal to the Building and Housing Board of Adjustments and Appeals.[17]
>
> • Timeline: A written notice of appeal must be filed within 10 days of receiving notice of the violation or decision.
> • Requirements: The appeal must be in writing and specify the exact portion of the official's decision being challenged.
> • Review Standard: The Board reviews whether the code was incorrectly interpreted, if its requirements do not apply to the specific case, or if an equally good form of construction is proposed.
> • Decision: The Board must issue a written decision within 30 days of receiving the appeal.
> • Appeal from Building and Housing Board of Adjustments and Appeals are to City Council[18].
> • Appeal to the Circuit Court[19].

---

[17] Pursuant to Sec. 5-9-5 (e) *Appeal.* Any person feeling aggrieved by any decision of the public officer may, within ten days, appeal the decision by notifying the building and housing board of adjustments and appeal in writing, specifying what portion of the building official's decision is being appealed.

[18] Pursuant to Sec. 5-1-3. Building and housing board of adjustments and appeals. Petrini could appeal to the "city council in writing by filing a notice of appeal with the clerk of the city council within ten calendar days of the date the board's decision is filed in the office of the public official."

[19] Miss Code Sec 11-51-75. Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit

Clearly there are procedural due processes available to Petrini, he failed to follow them. The Fifth Circuit Court of Appeals has repeatedly held that "one who fails to take advantage of procedural safeguards available to him cannot later claim he was denied due process." ***Browning v. Odessa***, 990 F.2d 842, 845 n.7 (5th Cir. 1993) (citing ***Rathjen v. Litchfield***, 878 F.2d 836, 839 (5th Cir. 1989); ***Galloway v. State of Louisiana***, 817 F.2d 1154, 1158 (5th Cir. 1987)). Such belies any claim of 14th Amendment violation of Due Process and the Court should sustain the Motions to Dismiss.

Plaintiffs have included Defendants, Abide and Currie Johnson in Counts I, IV, V, VI and VII however the Second Amended Complaint is devoid any "well pleaded facts" that support a claim any of said counts against these Defendants. The central claim as stated above is that Defendants, Peter Abide and Currie Johnson as the City's attorneys advised the City and its employees not to talk to Petrini after he filed suit. Plaintiffs do not assert any other "well pleaded" facts to support Counts I, IV, V, VI and VII against these Defendants.

In *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015) the Eleventh Circuit identified four types of "shotgun pleadings"—imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.[22] This leads to a "situation where most of the counts ... contain irrelevant

---

court of the county in which the board of supervisors is the governing body or in which the municipality is located.

factual allegations and legal conclusions."[23] Second, in *Weiland*, the Eleventh Circuit noted that a shotgun pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.[24] The third type of shotgun pleading outlined in *Weiland* is a complaint that fails to separate into a different count each cause of action or claim for relief.[25] This type of shotgun pleading violates Rule 10(b).[26] Finally, the fourth type of shotgun pleading included in *Weiland* is a complaint which includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.  Cited in *In re Ozcelebi*, 635 B.R. 467, 472 (Bankr. S.D. Tex. 2021).  As to these Defendants, Abide and Currie Johnson, Second Amended Complaint is nothing more than a shotgun pleading. replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.

## CONCLUSION

About the only thing that is truly clear in Plaintiffs' Second Amended Complaint he is suing Peter Abide and his law firm, Peter Abide and Currie Johnson & Myers, P.A., for giving legal advice to their clients about the ordinances of the City of Biloxi, the Mississippi Public Records Act, and advising his client not to talk with Petrini after he threatened to and did, in fact, sue multiple city employees and other people who did talk to him, which was perfectly appropriate under the law[20] as the Court is well aware. Such did not prevent Petrini from being able to take advantage of the procedural due processes established as set forth hereinabove, by simply following the procedures set forth herein above and filing the

---

[20] Mississippi Rule of Professional Conduct 4.2

appropriate appeal procedures set forth above.  The Defendants Motions to Dismiss should be granted and these civil actions dismissed.

WHEREFORE, PREMISES CONSIDERED, the Defendants submit this Brief in Support of their Motion to Dismiss and likewise move this Court to grant their Motion to Dismiss and dismiss the Plaintiff's Second Amended Complaint.

RESPECTFULLY SUBMITTED, this the 19th of January, 2026.

                        PETER ABIDE AND CURRIE JOHNSON & MYERS, P.A., DEFENDANTS

                        BY AND THROUGH THEIR ATTORNEYS OF RECORD

                        BOYCE HOLLEMAN & ASSOCIATES

                        BY:      *s/ Tim C. Holleman*

Tim C. Holleman (MS Bar #2526)
Patrick T. Guild (MS Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email:  tim@boyceholleman.com
       patrick@boyceholleman.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have filed the above and foregoing pleading utilizing the ECF system a true and correct copy of the foregoing document and have mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the Pro Se Plaintiff at his mailing address as follows:

Yuri Petrini
929 Division Street
Biloxi, MS 39530
Email: yuri@megalopolisms.com

Sumire Maeda
929 Division Street
Biloxi, MS 39530
Email: Sumire@megalopolisms.com

THIS this the 19th of January, 2026.

                 *s/ Tim C. Holleman*

Tim C. Holleman (MS Bar #2526)
Patrick T. Guild (MS Bar#103739)
BOYCE HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829
Email:  tim@boyceholleman.com
    patrick@boyceholleman.com