IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YURI PETRINI                                                                         PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 1:25cv178-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                        DEFENDANTS

Administratively Consolidated with

CIVIL ACTION NO. 1:25cv233-LG-RPM
CIVIL ACTION NO. 1:25cv178-LG-RPM

CITY OF BILOXI, MISSISSIPPI; ET AL                        DEFENDANTS

**REBUTTAL BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANTS, PETER C. ABIDE AND CURRIE JOHNSON & MYERS, P.A.**

,

COMES NOW the Defendants, PETER C. ABIDE ("ABIDE"), AND CURRIE JOHNSON & MYERS, P.A. ("Currie Johnson"), by and through their counsel of record, and, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, submits this their Brief in Support of Motion to Dismiss the Complaints and any Amendments thereto filed against them by Yuri Petrini ("Petrini") with prejudice, and would respectfully show unto the Court the following, to-wit:

I.

While it is difficult to follow Petrini often disjointed and rambling claims, a central theme is that these Defendants "ordered employees not to communicate with [Petrini]". Petrini has sued practically everyone with the City, plus some, who has chosen to speak with him. The Court need only read the Complaints filed in this action, in 25cv233 and 25cv254 to see such for itself. As set forth in Defendants' original Brief (DKT#140) there

Page **1** of **8**

simply is nothing wrong with such advise to a client.  Petrini's action in suing everyone was of his own making, however such did not and would not prevent from following the procedures existing under the state law and/or City ordinances which were clearly adequate to provide due process.

City of Biloxi Ordinances and state law clearly provide adequate procedural due process which Petrini just simply refuses to follow:

> Any person aggrieved by a decision of a code official may appeal to the Building and Housing Board of Adjustments and Appeals.[1]
>
> - Timeline: A <u>written</u> notice of appeal must be filed within 10 days of receiving notice of the violation or decision.
> - Requirements: The appeal must be <u>in writing</u> and specify the exact portion of the official's decision being challenged.
> - Review Standard: The Board reviews whether the code was incorrectly interpreted, if its requirements do not apply to the specific case, or if an equally good form of construction is proposed.
> - Decision: The Board must issue a <u>written</u> <u>decision</u> within 30 days of receiving the appeal.
> - Appeal from Building and Housing Board of Adjustments and Appeals are to City Council[2].
> - Appeal to the Circuit Court[3].

Petrini did not need to "talk" with anyone to follow these procedures. And Petrini does not claim the city employees would not communicate in writing with him.  In fact, the opposite is true as the court will see from multiple written communications to Petrini.

All of Petrini's claims against the Defendants, Abide and Currie Johnson, are premised on the fact that they gave advice to their client and its employees not to orally communicate directly

---

[1] Pursuant to Sec. 5-9-5 (e) *Appeal.* Any person feeling aggrieved by any decision of the public officer may, within ten days, appeal the decision by notifying the building and housing board of adjustments and appeal in writing, specifying what portion of the building official's decision is being appealed.

[2] Pursuant to Sec. 5-1-3. Building and housing board of adjustments and appeals. Petrini could appeal to the "city council in writing by filing a notice of appeal with the clerk of the city council within ten calendar days of the date the board's decision is filed in the office of the public official."

[3] Miss Code Sec 11-51-75. Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located.

with Petrini after he filed litigation against them. He claims such interfered with his due process rights. It is perfectly legal and legitimate for an attorney to advise his client and its employees not to "talk" to a party[4] " or "only communicate through me" or "don't give statements." who is making a claim against and/or suing the client and its employees. That advice is generally privileged, ethical, and not actionable by the person the client refuses to speak with.

Regardless while Petrini's vexatious and multiplying litigation[5] created an inconvenience, of his own making to him, it did not prevent him from following the procedures and appeals under the Biloxi ordinances and Mississippi laws, he still had and has adequate "due process". If he had used his ChatGpt or AI to research Biloxi ordinances and Mississippi laws he probably would not be in his current situation.

Petrini does not set forth any "**_well-pleaded facts_** rather than conclusory allegations" against the Defendant, Peter Abide and Currie Johnson. Petrini simply claims that a city employee stated he was "not allowed to talk to you under orders of City Attorney Peter Abide", therefore the Defendants "blocked all contact with the Petrini-eliminating the administrative remedies the Court ordered exhausted". See para. 9 of the Second Amended Complaint (DKT#96 at p. 4). It is absurd for Petrini to his "administrative remedies" were eliminated because he could not verbally communicate with employees he was suing. One that was of his own making. Two nothing prevented him from following ordinance and state statute applicable to appeal.

Even this Honorable Court tried to warn Petrini early on in this litigation:

The City of Biloxi does have an appeals process for an official's decisions. *See* Land Development Ordinance of the City of Biloxi, Miss. 23-9-5(D)(2)–(3)

---

[4] Mississippi Rule of Professional Conduct 4.2. While this is a rule applicable to attorneys, the principle is the same and it is common to give such advice to clients.

[5] Defendants' counsel would be remiss not to advise the Court that approximately four (4) days after this Court enter an order ordering that "the parties are prohibited from filing any new or additional motions, pleadings, notices or materials" Petrini filed a Complaint in the Circuit of Harrison County, Mississippi First Judicial District against Municipal Court Judge Apryl Ready CA No. 26cv28 containing the same ridiculous allegations in these cases.

(describing party's ability to request an enforcement conference with Director of Community Development); *id.* at 23-2-4(S)(2)(b) (describing Board of Zoning Adjustment's appellate authority over Director of Community Development); *id.* at 23-2-3(J)(1) (Party may appeal Board of Zoning Adjustment's decision to the Circuit Court of Harrison County, Mississippi.).

See Order DKT#5 footnote 2 at p. 4 of 5.

He didn't listen then and still does not listen.

Petrini represented to this Court that "not one document has been produced explaining what violations exist or what is required to cure them". The Defendants will let the Court decide if such claim is false by simply attaching a few documents[6] provided to Mr. Petrini:

DKT 39-10.8.13.25 Letter from Ros to Petrini;

Exhibit 1.10.1.25 Post Status Conference Correspondence[7];

Exhibit 2.1.23.26 Letter re 287 Bohn;

Exhibit 3. 1.26.26 Letter re Bohn Street;

Exhibit 4. 2.5.2026 - Letter re 287 Bohn 3 Phase.

So when Petrini represents to this Honorable Court that "not one document has been produced what violations exist or what is required to cure them" the Court may judge for itself Petrini's truthfulness..

Despite Petrini's suspect claims to the contrary, Petrini was admittedly given "notice" of the code requirements and alleged violations thereof and reasonable opportunity to respond thereto by his own admissions. The Plaintiff's amended complaints surround his failure to follow those procedures established by the City of Biloxi ordinances and the Mississippi statutory laws. *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984) (citing *Cafeteria & Rest.*

---

[6] There are more but these demonstrate Mr. Petrini's representation is simply not true.
[7] This letter was provided to Mr. Petrini after the 9/30/25 status conference.

*Workers Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 894-95, 81 S. Ct. 1743, 1748, 6 L. Ed. 2d 1230 (1961); *Mathews*, 424 U.S. at 340-49, 96 S.Ct. 893); *see also Abraham v. City of Mandeville*, 638 F. Supp. 1108, 1113 (E.D. La. 1986), *aff'd*, 814 F.2d 657 (5th Cir. 1987) (finding Petrini' procedural due process claim without merit because "Petrini were given due notice of the many meetings of the Commission and the Council regarding the rezoning of the property" and explaining that "they had an adequate opportunity to participate and be heard."). The Petrini on the face of their Amended Complaint received "notice", the process and ultimately if they chose a hearing or not.  "[P]rocedural due process is simply a guarantee of fair procedure." *Aponte-Rosario v. Acevedo-Vila*, 617 F.3d 1, 10 (1st Cir. 2010). In *Schafer v. City of New Orleans*, the Court held there no claim for violation of procedural due process because the Plaintiff therein "certainly received procedural due process. [The Plaintiff] had actual notice of the introduction of the ordinance, appeared at the hearing preceding its adoption, and availed themselves of the opportunity to argue against its adoption. This sufficed." *Schafer v. City of New Orleans*, 743 F.2d 1086, 1089 (5th Cir. 1984); *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi*, No. 1:21-CV-263-TBM-RPM, 2023 WL 2749170, at *1 (S.D. Miss. Mar. 31, 2023) [Plaintiff nevertheless fails to state claim for relief because the process that was provided was constitutionally sufficient].  Taking Petrini's Amended Complaints in the light most favorable to the Petrini, he admitted he got notice and a reasonable opportunity to respond and appropriate procedural due process in the form of appearances before Municipal Court, before the Board of Adjustments, appeals to the City Council and/or the Circuit Court.  Petrini have failed to state a claim upon which relief may be granted for 14th Amendment Procedural Due Process. See Miss. Code Ann. § 11-51-75. See e. g. *Hickman v. City of Biloxi*, 313 So. 3d 541 (Miss. Ct. App. 2021); *See Goodman v. City of Cape Coral*, 581 F. App'x 736, 739 (11th Cir. 2014) ("We have repeatedly

articulated the basic rule that a procedural due process violation has not occurred when adequate state remedies are available." *920 S. Beach Blvd., LLC v. City of Bay Saint Louis, Mississippi*, *Id.* at *16

Clearly, there are procedural due processes available to Petrini, he failed to follow them. The Fifth Circuit Court of Appeals has repeatedly held that "one who fails to take advantage of procedural safeguards available to him cannot later claim he was denied due process." *Browning v. Odessa*, 990 F.2d 842, 845 n.7 (5th Cir. 1993) (citing *Rathjen v. Litchfield*, 878 F.2d 836, 839 (5th Cir. 1989); *Galloway v. State of Louisiana*, 817 F.2d 1154, 1158 (5th Cir. 1987)). Such belies any claim of 14th Amendment violation of Due Process and the Court should sustain the Motions to Dismiss.

Petrini included Defendants, Abide and Currie Johnson in Counts I, IV, V, VI and VII however the Second Amended Complaint is devoid any "well pleaded facts" that support a claim any of said counts against these Defendants. The central claim as stated above is that Defendants, Peter Abide and Currie Johnson as the City's attorneys advised the City and its employees not to talk to Petrini after he filed multiple suits against the City and its employees. Petrini do not assert any other "well pleaded" facts to support Counts I, IV, V, VI and VII against these Defendants. In *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015) the Eleventh Circuit identified four types of "shotgun pleadings"—imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. This leads to a "situation where most of the counts ... contain irrelevant factual allegations and legal

conclusions."[23] Second, in *Weiland*, the Eleventh Circuit noted that a shotgun pleading occurs when a complaint is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading outlined in *Weiland* is a complaint that fails to separate into a different count each cause of action or claim for relief. This type of shotgun pleading violates Rule 10(b). Finally, the fourth type of shotgun pleading included in *Weiland* is a complaint which includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. Cited in *In re Ozcelebi*, 635 B.R. 467, 472 (Bankr. S.D. Tex. 2021). As to these Defendants, Abide and Currie Johnson, Second Amended Complaint is nothing more than a shotgun pleading. replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.

As to the remainder of Petrini disjointed and difficult to follow claims, these Defendants adopt their original Brief (DKT#140) in support of its Motion to Dismiss.

CONCLUSION

Again about the only thing clear in Petrini's Second Amended Complaint is he is suing Peter Abide and his law firm, Peter Abide and Currie Johnson & Myers, P.A., for giving legal advice to their clients about the ordinances of the City of Biloxi, the Mississippi Public Records Act, and advising his clients not to talk with Petrini after he threatened to and did, in fact, sue multiple city employees and other people who did talk to him. Such was perfectly appropriate under the law as the Court is well aware. Such did not prevent Petrini from being able to take advantage of the procedural due processes established as set forth hereinabove, by simply following the procedures by filing the appropriate appeal procedures set forth above. The Defendants Motions to Dismiss should be granted and these civil actions dismissed.

WHEREFORE, PREMISES CONSIDERED, the Defendants submit this Rebuttal Brief in

Support of their Motion to Dismiss and likewise move this Court to grant their Motion to Dismiss and dismiss the Plaintiff's Second Amended Complaint.

RESPECTFULLY SUBMITTED, this the 12th of February, 2026.

>PETER ABIDE AND CURRIE JOHNSON & MYERS, P.A., DEFENDANTS
>
>BY AND THROUGH THEIR ATTORNEYS OF RECORD
>
>BOYCE HOLLEMAN & ASSOCIATES
>
>BY:    *s/ Tim C. Holleman*

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed the above and foregoing pleading utilizing the ECF system a true and correct copy of the foregoing document and have mailed by United States Mail, postage prepaid, a true and correct copy of the above and foregoing pleading to the Pro Se Plaintiff at his mailing address as follows:

> Yuri Petrini
> 929 Division Street
> Biloxi, MS 39530
> Email: yuri@megalopolisms.com

THIS this the 12th of February, 2026.

>    *s/ Tim C. Holleman*

Tim C. Holleman (MS Bar #2526) Patrick
T. Guild (MS Bar#103739) BOYCE
HOLLEMAN & ASSOCIATES
1720 23rd Ave./Boyce Holleman Blvd.
Gulfport, MS  39501
Telephone: (228) 863-3142
Facsimile: (228) 863-9829  Email:
tim@boyceholleman.com
patrick@boyceholleman.com