**To:** Michael.Whitehead@pmp.org

**From:** Yuri Petrini <contact@peoplevsbiloxi.com>

**Subject:** Formal Notice — Forthcoming Mississippi Bar Complaint, Federal Court Filings, and Investigative Publication; Opportunity to Address Factual Elements Before Filing

**Date:** April 29, 2026

Mr. Whitehead,

This is a formal notification, sent to you directly in your individual capacity and in your capacity as a member of the Mississippi Bar, that a complaint with the Mississippi Bar Office of General Counsel, P.O. Box 2168, Jackson, Mississippi 39225-2168, is in preparation concerning specific documented conduct. This email and any response will be utilized as evidentiary support in three primary destinations:

(i) the Mississippi Bar complaint;

(ii) federal court filings, including a Notice of Supplemental Factual Material in the consolidated cases pending before the Honorable Louis Guirola, Jr., the forthcoming Motion to Lift Stay in those cases, and any Amended Complaint filed in Case No. 1:26-cv-00094 within the Federal Rule of Civil Procedure 15(a)(1)(B) window now open; and

(iii) a forthcoming series of investigative articles concerning your conduct, to be published on peoplevsbiloxi.com, in which I report as a credentialed investigative journalist on matters of public concern.

Any response you provide to this notification will be attached, in full and unedited, to each of the foregoing — the bar complaint, the federal filings, and the investigative publication. Silence will likewise be noted on the record. The transparency is the point: the bar complaint, the federal filings, and the publication will be constructed on a documented record, and you are entitled to address factual elements before that record is closed.

EXHIBIT 7

This notification is expressly non-exhaustive. The matters identified below are those for which documented support is presently in hand and ready for filing. The bar complaint and the related filings and publications will be supplemented as additional documented conduct enters the record, including conduct emerging from your response to this notification (or from the absence of any response), from public records productions presently outstanding, from discovery that becomes available upon the lifting of the stay in the consolidated cases, and from the parallel matters described in Section I(F) below.

## I. Identification of Conduct at Issue

The bar complaint will address the following interrelated subjects, each tied to specific Mississippi Rules of Professional Conduct.

**A. November 7, 2025 — Personal Surveillance of a Pro Se Federal Civil Rights Plaintiff and Property Subject to Federal Litigation, During an Active Statutory Stay of City Enforcement**

On November 7, 2025, you were observed personally conducting surveillance, in a white GMC truck, of the property at 1606 Beach Boulevard, Biloxi, Mississippi, hours before the 3:00 p.m. Building Board of Adjustment and Appeals hearing concerning that same property. The surveillance occurred during the pendency of an active statutory stay of City enforcement under Biloxi Code § 23-2-4(S)(5), and during the pendency of federal civil rights litigation in which I appeared as a pro se plaintiff and in which you appeared as counsel of record for City defendants. The surveillance was not coordinated through any officer deployment authorized by the federal record, was not noticed to me, and was not authorized by any procedural mechanism in the federal litigation.

**Rule citations.** The conduct implicates Mississippi Rules of Professional Conduct 4.4 (respect for the rights of third persons) and 8.4(d) (conduct prejudicial to the administration of justice).

**B. March 31, 2026 — Sua Sponte Appearance Following Constitutionally Protected Speech, Your Own Invocation of Rule 408 Framework, and Subsequent Conversion of Settlement-Context Statements into a Department-Wide Targeting Bulletin**

On the morning of March 31, 2026, I exercised constitutionally protected political speech on my own property at 929 Division Street, Biloxi, Mississippi, by displaying a public political message concerning the Mayor of the City of Biloxi. The message was political commentary on a public official, of the variety constitutionally protected as opinion, satire, and rhetorical hyperbole. *Hustler Magazine v. Falwell*, 485 U.S. 46 (1988); *Greenbelt Cooperative Publishing Ass'n v. Bresler*, 398 U.S. 6 (1970); *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990).

Within hours of that protected speech, you arrived at 929 Division Street personally, sua sponte, uninvited, without prior notice, and without procedural authorization arising from the federal litigation in which you appear as counsel of record. You initiated a conversation with me concerning, among other matters, the City's settlement posture, the political speech I had just exercised, and the federal litigation generally. **You yourself invoked the framework of Federal Rule of Evidence 408 during that conversation, expressly characterizing the discussion as a settlement communication, and expressly requested that the conversation not be recorded.** Your own contemporaneous invocation of Rule 408 protections is dispositive of the conversation's character: it was settlement-context communication by your own representation.

A casual rhetorical statement made by me during that conversation — a statement of frustration directed at municipal officials, of the variety constitutionally protected as political hyperbole under *Watts v. United States*, 394 U.S. 705 (1969), and *Counterman v. Colorado*, 600 U.S. 66 (2023), and as opinion and rhetorical hyperbole under *Hustler*, *Greenbelt*, and *Milkovich* — was, within hours of the conversation, reduced to written form and incorporated into a Criminal Intelligence Unit Bulletin issued department-wide by the Biloxi Police

Department on or about March 31, 2026. The Bulletin's predicate was the very statement you elicited during a settlement-context conversation that you yourself characterized as Rule 408 protected.

At no point during that conversation, or thereafter, did you disclose to me that law enforcement had been contacted, that a Criminal Intelligence Unit referral was being or had been initiated, or that a Bulletin was being or had been issued concerning me. You continued to represent the conversation as a settlement discussion governed by Rule 408 protections while, contemporaneously, the Bulletin was being prepared and distributed. Counsel of record who invokes Rule 408 protections to elicit candid statements from a pro se litigant, and who simultaneously and without disclosure transmits or causes those statements to be transmitted to law enforcement for the construction of a targeting bulletin, has not engaged in settlement discussion. Counsel has engaged in pretextual conduct designed to extract from a protected forum the predicate for retaliatory enforcement.

The asymmetry is the structural defect. You invoked Rule 408 to govern my conduct in the conversation. You did not abide by it yourself. You did not disclose the parallel law-enforcement referral. You did not warn that statements made in the conversation would be reduced to a department-wide bulletin distributing my Social Security number, photograph, vehicle information, and residential address. The conversation was, on your own representation, Rule 408 protected — and the Bulletin's predicate is, on its face, the inverted use of that protected forum.

**Rule citations.** The conduct implicates Mississippi Rules of Professional Conduct 4.1 (truthfulness in statements to others — by representing the conversation as Rule 408 protected while contemporaneously exploiting it for an undisclosed law-enforcement referral), 3.4 (fairness to opposing party and counsel — by extracting statements from a forum invoked as protected), 4.4 (respect for the rights of third persons), 8.4(c) (conduct involving dishonesty,

fraud, deceit, or misrepresentation), and 8.4(d) (conduct prejudicial to the administration of justice).

**C. The Distribution of Personal Identifying Information, the Public Diffusion of My Social Security Number, the Targeting of an Innocent Third Party, and the Suppression of First Amendment Activity**

The Bulletin issued department-wide on or about March 31, 2026 — marked "Law Enforcement Sensitive — For Official Use Only" — contained:

(i) **My Social Security number, distributed unredacted.** The Bulletin reached an unbounded set of recipients within the Biloxi Police Department's distribution chain. Once a Social Security number is released into a multi-recipient distribution chain of this character, the diffusion is no longer institutionally containable. A Social Security number is a permanent, non-resettable identifier that remains in circulation for the life of the holder. The diffusion of my Social Security number through this Bulletin is a permanent injury, not a discrete event.

(ii) **My date of birth and driver's license number.**

(iii) **My photograph, harvested from my journalism platform peoplevsbiloxi.com**, used without authorization in a manner that inverted the platform's editorial purpose by repurposing my own investigative-journalism portrait as a law-enforcement targeting visual.

(iv) **Vehicle information for three vehicles, including VIN numbers and license plates, none of which is registered to me.** All three vehicles identified in the Bulletin are registered to my former spouse, Sumire Petrini, who is not a party to any federal litigation, is not a subject of any City enforcement matter, and has no operational connection to the matters in dispute. The Bulletin's identification of vehicles registered to her — and the operational consequence that any officer "developing probable cause" against me would predicate stops and inquiries on her registered vehicles — is the targeting of an innocent third party. The

marriage that produced the joint household to which those vehicles relate is itself a casualty of the conduct identified in this notification, and the divorce was finalized during the period in which the City's enforcement campaign against me was at its peak.

(v) **My residential address.**

(vi) **An operational directive to officers to "develop probable cause" against me.**

The Bulletin was not the product of a contemporaneous criminal investigation of any pending matter. It was operationally directed at suppression of my First Amendment activity, including the political speech I had just exercised on my own property and the investigative journalism I publish on peoplevsbiloxi.com regarding documented public-figure misconduct in the active subject-matter areas of the federal civil rights litigation in which you appear as counsel. The distribution of identity-theft-grade personal data within a municipal apparatus, paired with a directive to develop probable cause, is functionally the construction of a state-actor framework for retaliatory enforcement against constitutionally protected activity. *Lozman v. City of Riviera Beach*, 585 U.S. 87 (2018); *Nieves v. Bartlett*, 587 U.S. 391 (2019).

The diffusion of my Social Security number and the targeting of vehicles registered to my former spouse compound the constitutional injury with permanent identity-security injury and third-party harm. The conduct implicates the constitutional informational-privacy doctrine recognized in *Whalen v. Roe*, 429 U.S. 589 (1977), and *Nixon v. Administrator of General Services*, 433 U.S. 425 (1977), and the Mississippi Identity Theft Protection Act, Miss. Code Ann. § 75-24-29.

**Rule citations.** The conduct implicates Mississippi Rules of Professional Conduct 4.4 (respect for the rights of third persons — Ms. Sumire Petrini), 8.4(c), and 8.4(d).

**D. The Second Attempt to Frame Me Criminally — The Affidavit Campaign Publicly Announced While I Was Outside the United States, Preceding Any Summons**

The CIU Bulletin described in Sections I(B) and I(C) was followed, after the perjured affidavits previously documented in pending federal proceedings, by a second attempt to construct a criminal-charging predicate against me. While I was physically outside the United States, traveling on documented lawful business in Asia from April 2 through April 26, 2026, an affidavit campaign was publicly announced through the social-media page styled "Biloxi Civility Watchdog" via "Captain's Log" posts of "Operation Icebreaker." The campaign represented that "criminal affidavits" had been or would be filed against me in the Biloxi Municipal Court for alleged telecommunications harassment and conspiracy — for conduct alleged to have occurred during the very period in which I was documented to have been outside the United States, in foreign sovereign jurisdictions over which the Biloxi Municipal Court has no territorial reach.

The chronology is the structural defect. The CIU Bulletin's directive to "develop probable cause" was issued March 31, 2026. The Watchdog campaign's announcement of "criminal affidavits" was published in late April 2026, at a time documented to coincide with my absence from the territorial reach of the Biloxi Municipal Court and from any forum in which I could be personally served or summoned. Public announcement of charges through a social-media page precedes — rather than follows — any judicial determination of probable cause, any prosecutorial review consistent with the City's prior settlement representation made through then-prosecutorial counsel Robert Harenski on or about October 1–2, 2025, or any service of summons.

The pattern — perjured affidavits, followed by the CIU Bulletin's directive to manufacture probable cause, followed by an extra-judicial announcement of further criminal affidavits timed to my documented foreign travel — is a documented pattern of repeated efforts to construct a criminal-charging predicate against me through means that bypass the procedural and constitutional protections that govern such conduct.

**Rule citations.** To the extent your participation in or knowledge of these matters is established, the conduct implicates Mississippi Rules of Professional Conduct 3.1 (meritorious claims and contentions), 3.3 (candor toward the tribunal), 3.4 (fairness to opposing party and counsel), 4.1, 8.4(b) (criminal acts reflecting on honesty, trustworthiness, or fitness), 8.4(c), and 8.4(d).

### E. Documentary Confirmation by the Police Chief's Responsive Pleading in Case No. 1:26-cv-00094

The Police Chief's Answer in Case No. 1:26-cv-00094 (ECF No. 12) declines to acknowledge or defend the contents of the Bulletin notwithstanding its issuance by the Department under his command. Specifically, the Answer pleads "without knowledge sufficient to admit or deny" the allegations concerning the Bulletin, while simultaneously asserting (Forty-Fifth Affirmative Defense) that I have engaged in attempts to influence witnesses — an internally inconsistent posture, since the witness-influence assertion necessarily presupposes factual knowledge of the very investigative apparatus the Answer otherwise disclaims. The Chief's responsive pleading evasion will be attached as part of the documented record supporting the bar complaint and the federal filings. The pattern of pleading is, on its own terms, evidence: it is the Answer of a defendant who cannot defend the Bulletin on its merits because its merits cannot be defended.

### F. Scope-Reserved Subjects — Participation in the Forged Standing Order, Perjured Affidavits, and Control of the Municipal Court; Parallel Complaints

The bar complaint will additionally address, on a record being separately developed, your participation in or knowledge of the following matters, each of which implicates Mississippi Rules of Professional Conduct 3.1, 3.3, 3.4, 4.1, 8.4(b), 8.4(c), and 8.4(d):

(i) **The forged Standing Order.** A purported "Standing Order" dated February 2022 was introduced into the record of Case No. CC-51719, a case that did not exist until 2025 — a

temporal impossibility of approximately forty-one months that has not been explained on the record.

(ii) **Perjured affidavits.** Affidavits filed in connection with municipal enforcement proceedings against me have made factual representations that the documentary record establishes to be materially false, including representations of personal observation during periods when the affiant could not have made the observations described.

(iii) **Control of the Municipal Court.** The structural arrangement by which Biloxi Municipal Court Judge Apryl Lee Ready's compensation is administered subject to the approval of an officer of the City of Biloxi who is himself a defendant in the federal civil rights cases — together with the deputy-clerk routing arrangements described in pending federal filings — produces a forum that does not satisfy the appearance-of-justice standard. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); *Caliste v. Cantrell*, 937 F.3d 525 (5th Cir. 2019).

To the extent your participation in, knowledge of, or operational use of these matters is established, the conduct implicates the rules cited above. Documentation is presently being assembled and will be produced with the supplemented complaint.

The matters reserved in this Section I(F) are also the subject of separate parallel complaints presently being assembled, including a complaint to the Mississippi Commission on Judicial Performance addressed to the judicial-officer dimensions, and the federal court filings identified in the introduction of this notification.

The conduct identified in Sections I(A) through I(F) does not exhaust the matters the bar complaint may address. The complaint may be filed initially on the matters for which documentation is presently complete and supplemented as additional documented conduct enters the record. Your response (or absence of response) to this notification, and any subsequent conduct, may itself become part of the documented record and may be addressed in

supplements.

## II. Evidentiary and Publication Use of This Notification

This email is sent for documentary transparency. The complaint, the federal filings, and the publication will be constructed on the documented record regardless of any response from you.

This email and any response — in full and unedited — will be attached as exhibits to:

(1) The Mississippi Bar Office of General Counsel complaint and any supplements;

(2) The Notice of Supplemental Factual Material to be filed in Cases Nos. 1:25-cv-00178, 1:25-cv-00233, and 1:25-cv-00254;

(3) The Motion to Lift Stay in the consolidated cases;

(4) Any Amended Complaint filed in Case No. 1:26-cv-00094 within the Federal Rule of Civil Procedure 15(a)(1)(B) window now open;

(5) Any complaint to the Mississippi Commission on Judicial Performance; and

(6) A forthcoming series of investigative articles concerning your conduct, to be published on peoplevsbiloxi.com.

I will not edit, redact, paraphrase, or summarize your response. Whatever you write will be reproduced verbatim alongside this notification. Your factual position will be presented in your own words.

## III. Request for Factual Response

If you wish to dispute any factual element identified in Section I, please respond in writing to this email within ten (10) business days of receipt. Your response will be reviewed and, where

appropriate, factual disputes will be reflected in the bar complaint, the federal filings, and the investigative publication. The full text of any response will be attached, in full and unedited, to each of the foregoing.

Silence within that period will be treated as a decision not to dispute the factual elements identified in Section I and will be noted in the federal record as such, and the documentation will proceed to filing and to publication.

The matters reserved in Section I(F) and the parallel complaints remain open scope. The bar complaint and the related filings and publications will be supplemented at any time additional documented conduct enters the record. You will not receive a separate notification before each supplement is filed or published. This notification serves as advance notice that supplements may follow on a rolling basis as the record develops.

## IV. Scope and Reservation

This email is not a settlement communication and is not subject to exclusion under Federal Rule of Evidence 408 or Mississippi Rule of Evidence 408. It is not transmitted to obtain advantage in the federal civil litigation, and it is not transmitted to extract any concession in connection with the publication. I make no demand of you in connection with the federal cases as a condition of forbearance from the bar complaint, and I make no demand of you in connection with the publication. The bar complaint will be filed regardless of your position in the federal litigation and regardless of the substance of any response to this email. The investigative publication will proceed regardless of your position and regardless of the substance of any response. The sole purpose of this notification is to provide formal notice of the forthcoming filings and publication, and the opportunity to address factual elements before the documentation is closed.

All rights, claims, and defenses are expressly reserved, and no waiver is intended.

Sincerely,

Yuri Petrini
Plaintiff, Pro Se
929 Division Street
Biloxi, Mississippi 39530
(305) 504-1323
contact@peoplevsbiloxi.com
yvpetrin@my.loyno.edu